**ABC LIQUORS, INC.,**

        **Plaintiff,**

v.

                                    **Case No: 6:18-cv-2020-Orl-28GJK**

**FEDERAL EXPRESS CORPORATION
and FEDEX GROUND PACKAGE
SYSTEM, INC.,**

        **Defendants.**

---

# ORDER

Defendants Federal Express Corporation and FedEx Ground Package System, Inc. (FedEx) removed this case from state court, (see Doc. 1), invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff ABC Liquors, Inc. (ABC) then filed a "Motion for Remand" (Doc. 21), asserting that its complaint is based solely on state law and that this Court thus lacks jurisdiction over the case. Having considered the arguments of the parties, the Court determines that remand to state court is warranted.[1]

The underlying facts are not complicated. ABC claims that FedEx routinely violates Florida law by "mak[ing] delivery of alcoholic beverages from outside Florida to individual persons, associations of persons, or corporations within Florida, in violation of" section 561.54(1), Florida Statutes. (Doc. 1-2 at 1). ABC also claims that FedEx, in providing its services as a common carrier, "unjustly discriminate[s]" against ABC. (See id. at 4). ABC seeks as damages triple the amount of the relevant delivery charges pursuant to section

---

[1] Though ABC requested oral argument on its motion, the Court finds that oral argument is not necessary.

561.54(2), an order enjoining FedEx from shipping alcoholic beverages from outside of Florida to individuals, associations of persons, or corporations in Florida, a declaratory judgment concerning FedEx's status as a common carrier under Florida law, and an order requiring the destruction of the alcohol FedEx allegedly illegally shipped into Florida. (See id. at 4, 6).

FedEx asserts that even though ABC's two-count Complaint seeks relief solely under Florida law, this Court has jurisdiction because ABC's "right to bring this lawsuit hinges on a federal issue, the constitutionality of [a] statute, which is necessarily raised in the Complaint." (Doc. 27 at 5). Not so. In FedEx's contradictory—and often misleading—response to ABC's motion to remand, FedEx claims that "the Eleventh Circuit and this Court have already ruled that this statute is unconstitutional because it violates the Dormant Commerce Clause of the United States . . . Constitution." (Id. at 4). But two pages later, FedEx asserts that ABC's claim is "necessarily intertwined with a federal question – whether Florida Statute § 561.54[] is unconstitutional." (Id. at 6). Throughout the remainder of the response, FedEx alternates between arguing that federal-question jurisdiction exists because this Court needs to determine the constitutionality of section 561.54, (see id. at 6, 7), and that federal-question jurisdiction exists because ABC is attempting to recover damages under a statute that has already been declared unconstitutional, (see id at 10). But alleging, in defending a case, that a state statute is unconstitutional is not a basis for federal court jurisdiction.

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing

the place where such action is pending." 28 U.S.C. § 1441(a). As is relevant here, "Congress has authorized the federal district courts to exercise original jurisdiction in 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" Gunn v. Minton, 568 U.S. 251, 257 (2013) (quoting 28 U.S.C. § 1331). Typically, this "['arising-under'] provision for federal-question jurisdiction is invoked . . . by plaintiffs pleading a cause of action created by federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). Clearly, this case contains no such cause of action.

Another variety of "arising-under" federal-question jurisdiction covers "a 'special and small category' of cases." Gunn, 568 U.S. at 258 (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006)). The Supreme Court has long held that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable, 545 U.S. at 312 (citing Hopkins v. Walker, 244 U.S. 486, 490–91 (1917)). This rare form of federal-question jurisdiction can only be invoked if the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Gunn, 568 U.S. at 258 (quoting Grable, 545 U.S. at 314). FedEx claims that the constitutionality of section 561.54, Florida Statutes is such an issue.

But another bedrock jurisdictional principle forecloses this contention. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Franchise Tax Bd. of State of Cal. v. Constr.

Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 10 (1983) ("For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." (emphasis in original)). An important corollary to that rule—one that resolves this case—is that "a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, 482 U.S. at 393 (emphasis in original).

Here, FedEx attempts to invoke the Court's federal-question jurisdiction by claiming that the state statute under which ABC brings its claims is unconstitutional. But "[b]y unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby." Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 116 (1936). FedEx's belief that it should prevail because the Florida law violates the U.S. Constitution does not unlock the door to the federal courthouse. The state court is more than capable of handling FedEx's federal defense. See Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1301 (11th Cir. 2008) ("We are mindful that state courts are generally presumed competent to interpret and apply federal law." (quoting Mikulski v. Centerior Energy Corp., 501 F.3d 555, 560 (6th Cir. 2007))).

Additionally, ABC seeks, pursuant to 28 U.S.C. § 1447(c), to recover the costs and fees it incurred as a result of FedEx's removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546

U.S. 132, 141 (2005); see also Legg v. Wyeth, 428 F.3d 1317, 1322 (11th Cir. 2005) ("Costs are assessed in a case of improvident removal." (internal quotation marks omitted)). While FedEx failed to demonstrate that this Court has jurisdiction, it did not lack a reasonable basis for removing the case. ABC is thus not entitled to the fees and costs it incurred as a result of FedEx's removal.

Accordingly, it is **ORDERED** as follows:

1.      ABC's "Motion for Remand" (Doc. 21) is **GRANTED**. This case is remanded to the Circuit Court, Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 2018-CA-11214-O, *ABC Liquors, Inc. v. Federal Express Corp., et al.*

2.      The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida, on July 11th, 2019.

———————————————————
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties